CITATION – PERSONAL SERVICE – TRCP 99

# THE STATE OF TEXAS

CAME ON TO HAND: 9-14-22, 4:24 pm
DELIVERED: 9-21-22
BY: [signature]
#10498

## 2022-DCL-04461-D

| | | |
|---|---|---|
| David Gomez | § | IN THE 103RD DISTRICT COURT |
| VS | § | OF |
| Mefra Fletes Sa De Cv. | § | CAMERON COUNTY, TEXAS |

TO  **Mefra Fletes Sa De Cv.**
**Agent for Service in Texas:**
**David R Cantu**
**101 N. Mccoll Rd ST10**
**Mcallen, Texas 78501**

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   TRCP. 99

You are hereby commanded to appear by filing a written answer to **Plaintiffs' Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 103rd District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiffs' Original Petition** was filed in said court on **September 14, 2022**, in the above entitled cause.

2022-DCL-04461-D

David Gomez, Ronald Vasquez
vs.
Mefra Fletes Sa De Cv., Alberto Alvarez Martinez

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiffs' Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 14th day of September, 2022.

ATTORNEY:
**Joseph Garza**
24107776
361-883-7705
1201 Third Street
Corpus Christi TX 78404

**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520
Signed: 9/14/2022 3:55:24 PM

By: [signature]
**Monica Hernandez**, Deputy Clerk

FILED
9/14/2022 12:32 PM
2022-DCL-04461 / 68244815
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

CAUSE NO. 2022-DCL-04461 _____

| | | |
|---|---|---|
| DAVID GOMEZ AND RONALD VASQUEZ, *Plaintiffs,* | § § § § § § § § § § § | IN THE DISTRICT COURT |
| | | Cameron County - 103rd District Court |
| VS. | | _____ JUDICIAL DISTRICT |
| MEFRA FLETES SA DE CV., AND ALBERTO GUADALUPE ALVAREZ MARTINEZ, *Defendants.* | | |
| | | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Plaintiffs, **DAVID GOMEZ** and **RONALD VASQUEZ**, and file this Original Petition, complaining of Defendants **MEFRA FLETES SA DE CV.**, and **ALBERTO GUADALUPE ALVAREZ MARTINEZ**, and for cause of action shows the following:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend that discovery be conducted under level three (3) of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.  Plaintiff **DAVID GOMEZ** is an individual residing in Hidalgo County, Texas.

3.  Plaintiff **RONALD VASQUEZ** is an individual residing in Nueces County, Texas.

4.  Defendant **ALBERTO GUADALUPE ALVARES MARTINEZ** is a foreign national who at all times material hereto was operating a commercial motor vehicle on public roadway in Texas. Accordingly, he may be served with process by serving: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

5. Upon request and payment of $25, together with two (2) copies of the citation and petition, the Chairman of the Texas Transportation Commission shall forward same to:

> **ALBERTO GUADALUPE ALVAREZ MARTINEZ**
> Galeana 20
> Ramirez, Tamaulipas Mexico 87552

6. Defendant **MEFRA FLETES SA DE CV.**, is a motor carrier licensed by the United States Department of Transportation (US DOT No. 3283223Z), with its principal place of business in McAllen, Texas. Defendant **MEFRA FLETES SA DE CV.**, may be served with process by serving its agent for service in Texas: David R Cantu, 101 N McColl Rd ST10, McAllen, Texas 78501.

### III.
### JURISDICTION & VENUE

7. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

8. Venue is proper in Cameron County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this claim occurred in Cameron County, Texas.

### IV.
### FACTS

9. Defendant **MEFRA FLETES SA DE CV.**, hired, retained, supervised, and qualified **ALBERTO GUADALUPE ALVAREZ MARTINEZ** to operate a commercial motor vehicle in the United States and over Texas roads. At all times relevant to this lawsuit, **ALBERTO GUADALUPE ALVAREZ MARTINEZ** was acting in the course and scope of his actual and/or statutory employment for the motor carrier. Defendant **ALBERTO GUADALUPE ALVAREZ MARTINEZ**'s job duties included operating commercial motor vehicles on Texas roads.

10. On June 14, 2021, **ALBERTO GUADALUPE ALVAREZ MARTINEZ** was driving a truck in San Benito, Texas, on behalf of **MEFRA FLETES SA DE CV. ALVAREZ MARTINEZ** was driving westbound near 2800 E Expressway 83. He failed to control his speed and crashed into a vehicle occupied by Plaintiffs. As a result of the incident, Plaintiffs sustained bodily injuries as reflected in the medical records from the healthcare providers that have treated their injuries since the crash

## .V.
## CAUSES OF ACTION

11. Defendant **ALBERTO GUADALUPE ALVAREZ MARTINEZ** was negligent. Specifically, Defendant **ALBERTO GUADALUPE ALVAREZ MARTINEZ** failed to act as a reasonable and prudent operator of a commercial motor vehicle when he rear-ended Plaintiffs. As a direct and proximate result of **ALBERTO GUADALUPE ALVAREZ MARTINEZ**'s negligence, Plaintiffs sustained personal injuries. Defendant MEFRA FLETES SA DE CV was also negligent. Specifically, **MEFRA FLETES SA DE CV.**, was negligent in its qualification, hiring, training, supervision, and retention of Viera as a driver. As a direct and proximate result of this direct negligence on the part of **ALBERTO GUADALUPE ALVAREZ MARTINEZ**, Plaintiffs sustained personal injuries. Defendant **MEFRA FLETES SA DE CV.**, is further vicariously liable for **ALBERTO GUADALUPE ALVAREZ MARTINEZ**'s negligence under the doctrine of respondeat superior.

## VI.
## DAMAGES OF PLAINTIFFS

12. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in

nature. The injuries have had an effect on the Plaintiffs' health and well-being. As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

13. As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

14. Plaintiffs asserts that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiffs are justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

15. Plaintiffs further request both pre-judgment and post-judgment interest on all her damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

16. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## NOTICE OF SELF-AUTHENTICATION

17. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is

hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## X.
## DESIGNATED E-SERVICE EMAIL ADDRESS

18. The following is the undersigned attorney's designed E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: litigation@herrmanandherrman.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs take judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Property damage;
15. Pre-judgment interest; and
16. Post-judgment interest.

Respectfully submitted,

**HERRMAN & HERRMAN, P.L.L.C.**
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Telephone: (361) 883-7705
Facsimile: (361) 883-7957

By: /s/ *Joseph Garza*
      Joseph Garza
Bar No. 24107776
Email: josephgarza@herrmanandherrman.com
*E-service only*: litigation@herrmanandherrman.com

**ATTORNEY FOR PLAINTIFFS**